**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| POM OF PENNSYLVANIA, LLC<br>t/d/b/a PACE-O-MATIC, and<br>SAVVY DOG SYSTEMS, LLC, | : <br> : <br> : <br> : | Civ. No. 1:20-cv-01942-YK |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED AMUSEMENT<br>ALTERNATIVES,<br>JOHN DOES 1-100, and<br>XYZ COMPANIES 1-100, | : <br> : <br> : <br> : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' OMNIBUS MOTION FOR EXTENSION OF DEADLINE
FOR SERVICE OF PROCESS AND LEAVE TO SERVE PROCESS BY
ELECTRONIC MEANS**

Plaintiffs POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog

Systems, LLC, (collectively, "Plaintiffs"), by and through undersigned counsel,

respectfully submit this motion, seeking an Order affording additional time for

service of process (90 days) and permitting service on Defendants by electronic

means, namely, through Defendants' social media account.

In support of this Motion, Plaintiffs aver as follows:

1.      On October 21, 2020, Plaintiffs commenced this action for violations

of the Lanham Act and related claims under the laws of Pennsylvania, arising from

Defendants' unauthorized use of Plaintiff's common-law trademark in connection

{02034654;v1 }

with their distribution, marketing, advertising, promotion, and/or sale of electronic games and software plays.

2.      Defendant United Amusement Alternatives – whose true identity and location was unknown at the time and currently remain unknown – is a business operating via, *inter alia*, its Facebook page [www.facebook.com/United-Amusement-Alternatives-109983013718801](www.facebook.com/United-Amusement-Alternatives-109983013718801) and various agents and/or representatives in Pennsylvania.[1]

3.      Although the Rules of Civil Procedure generally require that service be made within 90 days of the date on which the Complaint is filed, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed.R.Civ.P. 4(m).

4.      With respect to the manner of service, a defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed.R.Civ.P. 4(e)(1).

5.      In turn, Pennsylvania law permits service by electronic means, particularly where (as here) traditional means have proven unsuccessful despite

---

[1] Defendants John Does 1-100 and XYZ Companies 1-100, in conjunction with the aforementioned named defendant, are engaged in the same or similar conduct as alleged in the Complaint in this action.

Plaintiffs' best efforts. *See, e.g.*, *Power Corp. of Canada v. Power Fin.*, No. Civ.A. 4:09-CV-0510, 2009 WL 982750, at *1 (M.D. Pa. Apr. 13, 2009) (citing *Calabro v. Leiner,* 464 F.Supp.2d 470, 472 (E.D. Pa. 2006) and *PNC Bank, N.A. v. Unknown Heirs,* 929 A.2d 219, 229 (Pa. Super. 2007)). Courts throughout the country have extended the foregoing principal to permit service via social media networks. *E.L.V.H. Inc. v. Bennett*, No. 2:18-cv-00710-ODW (PLA), 2018 WL 6131947, at *1 (C.D. Cal. May 2, 2018); *Baidoo v. Blood-Dzraku*, 48 Misc.3d 309, 317 (N.Y. Sup. Ct. 2015).

6.     As set forth more fully in the supporting brief and the accompanying affidavits,[2] granting electronic service through Defendants' social media account and a reasonable extension of time in which to effectuate said service are appropriate because:  (a) Plaintiffs have endeavored in good faith to ascertain Defendants' identity and physical address; (b) upon information and belief, the social media account that Plaintiffs propose as a method for causing service is operational and used by Defendants to conduct business; and (c) Defendants have deliberately attempted to shield their identity from discovery by utilizing unregistered phone numbers and false physical addresses.

---

[2] In accordance with the Local Rules of this Court, Plaintiffs will submit a brief within fourteen days of this Motion.

WHEREFORE, for the reasons set forth above and in the supporting brief, Plaintiffs, respectfully request that the Court grant this motion and enter the attached Order affording additional time for service of process by 90 days and permitting service on Defendants through Defendants' social media account.

Respectfully Submitted,

/s/ Matthew H. Haverstick
Matthew H. Haverstick (PA No. 85072)
James G. Gorman III (PA No. 328376)
Shohin H. Vance (PA No. 323551)
Kleinbard LLC
Three Logan Square; Fifth Floor
1717 Arch Street
Philadelphia, PA  19103
Telephone:  215-568-2000
Fax:  215-568-0140

Counsel for Plaintiffs

{02034654;v1 }                    4

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1, undersigned counsel certifies that Plaintiff was unable to receive concurrence from Defendants in the above Motion, as Defendants' identity is still unknown at this juncture.

*/s/James G. Gorman III*
Kleinbard LLC
Three Logan Square; Fifth Floor
1717 Arch Street
Philadelphia, PA  19103
Telephone:  215-568-2000
Fax:  215-568-0140

*Counsel for Plaintiffs*

{02034654;v1 }

## CERTIFICATE OF SERVICE

I certify that, on January 19, 2021, I served all parties by filing the foregoing on the Court's ECF filing system.

> */s/James G. Gorman III*
> Kleinbard LLC
> Three Logan Square; Fifth Floor
> 1717 Arch Street
> Philadelphia, PA  19103
> Telephone:  215-568-2000
> Fax:  215-568-0140
>
> *Counsel for Plaintiffs*