**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| POM OF PENNSYLVANIA, LLC t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | : : : | |
| | : | Civ. No.: 1:20-cv-01942-YK |
| Plaintiffs, | : : | |
| v. | : : | |
| UNITED AMUSEMENT ALTERNATIVES, JOHN DOES 1-100, and XYZ COMPANIES 1-100, | : : : : : | |
| Defendants. | : | |

## <u>BRIEF IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION FOR EXTENSION OF DEADLINE FOR SERVICE OF PROCESS AND LEAVE TO SERVE PROCESS BY ELECTRONIC MEANS</u>

Pursuant to Local Rule of Civil Procedure 7.5, Plaintiffs POM of Pennsylvania, LLC and Savvy Dog Systems, LLC (collectively, "Plaintiffs") submit this brief in support of their Omnibus Motion for Extension of Deadline for Service of Process and Leave to Serve Process by Electronic Means, *see* ECF No. 6, the overarching purpose of which is to facilitate an orderly and expeditious resolution of this action. As set forth below, because the Defendants in this matter have continued to take calculated measures to conceal their identity and whereabouts, this Court should permit service through alternative means and an extension of time to effectuate service.

1

## I.      BACKGROUND.

### A.      *General Factual and Procedural History.*

On October 21, 2020, Plaintiffs commenced this action seeking damages resulting from the repeated and continuous unauthorized use of their common-law trademark by Defendants United Amusement Alternatives acting in concert with various unidentified Doe(s) (collectively, "Defendants").

Plaintiffs manufacture and develop innovative games for the coin-op industry in the Commonwealth of Pennsylvania, which is marketed under the mark PENNSYLVANIA SKILL, as well as various related design marks and combination marks with design elements (collectively, the "Pennsylvania Skill Mark").  As a result of Plaintiffs' considerable financial investments and efforts over the last decade, which are detailed in the Complaint, the Pennsylvania Skill Mark has earned a distinctive reputation among consumers and within the relevant trade, even garnering significant unsolicited coverage in various media outlets.[1]

In late 2019, Plaintiffs became aware that Defendants were intentionally using the Pennsylvania Skill Mark in connection with their efforts to advertise, promote and sell their game machines (the "Counterfeit Product"), including software and related components *via* www.facebook.com/United-Amusement-

---

[1] *See* ECF No. 1, ¶¶ 11-23.  Notably, the incalculable distinction earned by POM is based – in no small part – on the fact that its games continue to be the only game of its kind whose legality under Pennsylvania law has been judicially confirmed.

Alternatives-109983013718801, (the "Infringing Facebook Page").  As relevant herein, the Infringing Facebook Page, among other things:  (a) expressly used the Pennsylvania Skill Mark; (b) contained specific indicia of a deliberate attempt to resemble the websites maintained by Plaintiffs and Miele Manufacturing, Inc., which is the sole licensed distributor of their product; and (c) portrayed the product it offered as being manufactured, designed, and/or sold by Plaintiffs, or otherwise closely linked to them. *See* ECF No. 1, ¶¶ 26-30. United Amusement also has utilized misleading mailing advertisements including the Pennsylvania Skill Mark. *Id.* at ¶¶ 31.

Since becoming aware of Defendants' wrongful conduct, Plaintiffs employed various measures designed to ascertain Defendants' identity, or at a minimum, locate a physical mailing address.  For instance, on multiple occasions from June through December 2020, one of Plaintiffs' business associates called the phone number advertised on the Infringing Website, and spoke to an unknown individual who offered a "skill game" for sale.  *See* Ver. Of Jeff Millay, at ¶¶ 5-6 (Exhibit A); *see also* ECF No. 1, ¶¶ 35-36. This unknown individual was later determined to be named "John" based on the voicemail message associated with the phone number. *See* Ver. Of Jeff Millay, at ¶ 6. "John" was very guarded about the information he would provide and indicated that he will send out salesmen to place the Counterfeit Product, if necessary. *Id.* Based on information Plaintiffs

have obtained through their investigation, Defendants have been unable to track a location or a physical address for "John". *Id*. at ¶ 7.

After several unsuccessful attempts to locate Defendants and dissuade them from continuing in their conduct, Plaintiffs commenced this action.  However, Plaintiffs have no means to execute service because the Infringing Facebook Page and aforementioned telephone number are the only means of contacting Defendants.

## II.   **ARGUMENT.**

### A.    *Extending the Deadline for Service of Process is Warranted Here.*

Although the Rules of Civil Procedure generally require that service be made within 90 days of the date on which the Complaint is filed, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed.R.Civ.P. 4(m).

Courts consider "'three factors in determining the existence of good cause under Rule 4(m): (1) reasonableness of plaintiff's efforts to serve[;] (2) prejudice to the defendant by lack of timely service[;] and (3) whether plaintiff moved for an enlargement of time to serve.'" *Beautyman v. Laurent*, 829 F. App'x 581, 583 (3d Cir. 2020) (citing *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)).

Here, at a bare minimum, Plaintiffs have established that there is good cause to warrant an extension of time to serve Defendants. Regarding factor (1), Plaintiffs have expended considerable sums while searching for the identity of "United Amusement Alternatives" both before and after filing the Complaint. Plaintiffs still have been unable to determine the identity of the individual and/or entities behind this unregistered business outside of the Infringing Facebook Page, undetailed phone number listing, and the name "John." *See generally* Exhibit A. Plaintiffs did not languish while attempting to locate the shadowy figures behind United Amusement Alternatives for service and their efforts have exceeded reasonableness.

Second, there is no prejudice to Defendants who are still utilizing the Pennsylvania Skill Mark with impunity in an effort to sell their own illegal devices by capitalizing on the legality of Plaintiffs' games (*see* ECF No. 1-2 (Pennsylvania Skill legality ruling)). Indeed, this action was filed just three months ago so no prejudice exists. Third, as evidenced by the present motion (ECF. No. 6), Plaintiffs have moved to enlarge the time to serve. Accordingly, at a bare minimum, a 90-day extension to serve is more than warranted given the evasiveness of Defendants and their illegal operation.

> **B.     The Court Should Permit Alternative Service of Process via Facebook Posting and Private Message.**

In view of the foregoing, rather than having to continue to expend unnecessary funds attempting to locate the illegal operators behind United Amusement's operation, Plaintiffs should also be permitted to serve Defendants via alternative process in the form of a Facebook posting and private message on United Amusement's Facebook page. First, as reflected in the attached affidavits, Plaintiffs have made a good faith attempt to locate Defendants and serve them through traditional means. This Court's decision in *Power Corp. of Canada*, which also involved a trademark action brought against a website that operated through "an online service that shield[ed] the owner's identity," is particularly instructive, as the Court permitted service via e-mail based largely on substantially similar efforts to identify, locate, and serve the defendant. *See Power Corp. of Canada v. Power Fin.*, No. Civ.A. 4:09-CV-0510, 2009 WL 982750, at *1 (M.D. Pa. Apr. 13, 2009) (noting that despite the efforts of a private investigator who attempted to ascertain identity of the website's owner and communicate with the defendant via telephone, a valid address could not be found and, thus, alternative service was warranted).

Further, this Court recently evaluated an analogous fact pattern in the action *POM of Pennsylvania LLC, et al. v. PASKILLVENDING.COM, et al.* and held that alternative service by email was warranted where, like here, the operators behind the infringing service took calculated measures to conceal their identities. *See*

*POM of Pennsylvania LLC, et al. v. PASKILLVENDING.COM, et al.*, Civ. No. 4:19-cv-00529-MWB, at ECF No. 13 (M.D. Pa. July 15, 2019).

The only difference between the PASKILLVENDING.COM matter and this matter is that rather than an email address, only the Infringing Facebook Page is available to contact United Amusement. This difference, however, is not an issue because courts across the county routinely hold that service via social media pages is warranted in situations like the one at bar. *E.L.V.H. Inc. v. Bennett*, No. 2:18-cv-00710-ODW (PLA), 2018 WL 6131947, at *1 (C.D. Cal. May 2, 2018); *Baidoo v. Blood-Dzraku*, 48 Misc.3d 309, 317 (N.Y. Sup. Ct. 2015).

With respect to the sufficiency of the notice, posting the Complaint to [www.facebook.com/United-Amusement-Alternatives-109983013718801](www.facebook.com/United-Amusement-Alternatives-109983013718801) is reasonably calculated to notify Defendant(s) of this action because the Facebook page is clearly operational and is used by the Infringing Website and/or its agents. Indeed, Defendants routinely respond to "customer" posts on the United Amusement Alternatives Infringing Website about placement of their illegal games:

7



Service by the requested method would be akin to "service by publication," which is perhaps the most tenured means of alternative service. The ultimate goal of service is to put the Defendant on notice of the claims brought against it and service by this method would certainly achieve that goal.

## III.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant Plaintiffs' Omnibus Motion for Extension of Time to Deadline for Service of Process and Leave to Serve Process by Electronic Means.

Respectfully Submitted,

*/s/ James G. Gorman III*
Matthew H. Haverstick (PA No. 85072)
James G. Gorman III (PA No. 328376)
Shohin H. Vance (PA No. 323551)
Kleinbard LLC
Three Logan Square; Fifth Floor
1717 Arch Street
Philadelphia, PA  19103
Telephone:  215-568-2000
Fax:  215-568-0140

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that, on January 28, 2021, I served all parties by filing the foregoing on the Court's ECF filing system.

/s/James G. Gorman III
Kleinbard LLC
Three Logan Square; Fifth Floor
1717 Arch Street
Philadelphia, PA  19103
Telephone:  215-568-2000
Fax:  215-568-0140

*Counsel for Plaintiffs*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED AMUSEMENT ALTERNATIVES, JOHN DOES 1-100, and XYZ COMPANIES 1-100, <br><br> Defendants. | : <br> : <br> : <br> :   Civ. No.: 1:20-cv-01942-YK <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

### VERIFICATION OF JEFF MILLAY

I, Jeff Millay, hereby verify as follows:

1.      I am an adult male currently residing at Montoursville, Pennsylvania. Since August 2016, I have been employed as the Sales Manager at Miele Manufacturing, which is the sole licensed distributor of Pennsylvania Skill Game Machines.

2.      I have personal knowledge of the matters set forth herein, and respectfully submit this Verification in support of Plaintiffs' Omnibus Motion for Extension of Time to Deadline for Service of Process and Leave to Serve Process by Electronic Means.

3.      Sometime in late 2019, I became aware that an unregistered entity called United Amusement Alternatives, operating under a Facebook Account at

www.facebook.com/United-Amusement-Alternatives-109983013718801, was promoting and selling game machines, including software and related components that purported to be a Pennsylvania Skill Game Machine produced and distributed by Miele Manufacturing, or closely associated with it.

4.     Thereafter, I launched an investigation and discovered that United Amusement Alternative had placed counterfeit products with "Pennsylvania Skill" labeling in locations throughout the Commonwealth of Pennsylvania, including Springville, PA. I also discovered that United Amusements had been soliciting customers and circulating misleading mailing advertisements that included the "Pennsylvania Skill" trademark.

5.     Through intermediaries, I contacted the phone number listed on the aforementioned Facebook page numerous times in an effort to discover the individuals and entities behind United Amusements. When first contacting the listed number, an unknown male answered and stated the following:

- All machines are "skill based and legal in PA".

- His company will service and maintain the machines free of charge.

- There are no upfront costs to have the machines installed.

- His salesman will visit the location and assist in determining the number and type of machines.

- Money will be split 50/50 or 60/40 (in favor of the customer) depending on negotiation and the number of machines.

- His company is based out of the Philadelphia area and will serve the Lancaster County area.

6. The unknown male would not divulge any additional information or provide his name. When contacted again, the unknown male was very guarded about the information he would provide and indicated that he will send out salesmen to place the machines, if necessary. This unknown individual was later determined to be named "John" based on the voicemail message associated with the phone number.

7. Despite my best efforts, which have also included numerous conversations with the targets of United Amusements' solicitation at issue in this suit and investigation into the United Amusement phone number, my efforts to uncover information that could lead to an address and identity associated with "John" and United Amusement have proven unsuccessful.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: January 26, 2021    _____

Jeff Millay
Sales Manager, Miele Manufacturing

3